IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY LEICHLITER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-21-1002-F |
| | ) |
| OPTIO SOLUTIONS, LLC D/B/A | ) |
| QUALIA COLLECTION SERVICES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is Plaintiff's Motion to Compel Discovery, doc. no. 23, filed on September 9, 2022. Defendant, Optio Solutions, LLC, has responded, doc. no. 34. No reply was filed. Accordingly, the motion is at issue. The court rules as follows on the matters presented by the motion:

Interrogatory No. 3:

The motion is **GRANTED** as to Interrogatory No. 3. However, addresses, and home and business telephone numbers, need not be provided.

Interrogatory No. 17:

The motion is **GRANTED** as to Interrogatory No. 17.

Interrogatory No. 19:

The court notes defendant's representation that, on September 22, 2022, defendant's corporate representative testified by deposition and explained and identified the training provided to defendant's employees. Doc. no. 34, at 6. That representation is uncontradicted. However, the court will **GRANT** the motion as to Interrogatory No. 19 to the following extent: Defendant is required to provide a description of the nature and content of all training it provided to any employees

who had direct involvement with plaintiff's account, to the extent that defendant would rely on that training in support of any of its denials or affirmative defenses in this action.

Interrogatory No. 20:

The motion is **GRANTED** as to Interrogatory No. 20, because defendant does not respond at all as to this item. The motion is accordingly deemed confessed as to Interrogatory No. 20.

Interrogatory No. 25:

The motion is **DENIED** as to Interrogatory No. 25. Interrogatory No. 25 is hopelessly overbroad. The court declines to undertake the task of redrafting Interrogatory No. 25. The court is under no obligation to do so. Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648-49 (10th Cir. 2008). Drafting an interrogatory (or any other discovery request) that is at least arguably within the outer bounds of discovery permitted by Rule 26 is the job of counsel, not the court. "Counsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." Punt v. Kelly Services, 862 F.3d 1040, 1047 (10th Cir. 2017). Drafting and seeking to enforce overbroad requests cuts directly against the court's reasonable expectation that competent counsel, applying professional judgment in good faith, can usually avoid (or if necessary resolve) discovery disputes without court intervention.

Request for Production No. 3:

The motion is **GRANTED IN PART and DENIED IN PART** as to Request for Production No. 3. The motion is **GRANTED** to the extent that the defendant would rely upon any materials within the scope of Request for Production No. 3 in support of its denials or affirmative defenses in this case. The motion is otherwise **DENIED** as to Request for Production No. 3.

Request for Production No. 6:

The motion is **GRANTED** as to Request for Production No. 6.

Request for Production No. 7:

The motion is **GRANTED** as to Request for Production No. 7.  If defendant contends that no such documents exist, defendant shall so state, under oath, in a writing signed by an authorized representative of defendant.

Request for Production No. 8:

The motion is **GRANTED** as to Request for Production No. 8.

Request for Production No. 13:

The motion is **DENIED** as to Request for Production No. 13.

Request for Production No. 14:

The motion is **GRANTED** as to Request for Production No. 14.  If defendant asserts that all responsive documents have been produced, defendant shall so state, under oath, in a writing signed by an authorized representative of defendant.

Plaintiff's Request for Attorney's Fees:

The request for attorney's fees is, in the court's discretion, **DENIED**.

Time for Compliance:

Defendant shall comply with the rulings made in this order not later than October 31, 2022.

DATED this 21st day of October, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-1002p012.docx